# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| EDWINA BURTON,<br>    Plaintiff,<br><br>    v.<br><br>N.E.S. SOLUTIONS, LLC,<br>    Defendant. | C.A. No. 1:25–cv–00295–MSM–PAS |

## ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Edwina Burton, sued the defendant, N.E.S. Solutions, LLC ("N.E.S."), claiming N.E.S. violated state and federal minimum wage laws by failing to reimburse her for alleged work-related expenses and that N.E.S. failed to pay her earned wages for her last week of work. (ECF No. 1 ¶¶ 31–33.) N.E.S. Solutions now moves to dismiss Ms. Burton's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 8.) In response, Ms. Burton has agreed to dismiss her claim for nonpayment of wages but maintains that her effective wage was reduced below the federal and Rhode Island minimum wages by increased commuting expenses incurred after N.E.S. transferred her place of work to a location further from her residence. (ECF No. 1 ¶¶ 16–22; ECF No. 9). For the following reasons, the Court agrees with N.E.S., and GRANTS its Motion to Dismiss Ms. Burton's remaining claims.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim." That means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island,* 542 F.3d 944 (1st Cir. 2008).

Ms. Burton's federal claim (Count I) is premised on the Fair Labor Standards Act ("FLSA"), which generally requires covered employers to pay non-exempt employees a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a)(1). While Ms. Burton acknowledges that she was paid $16.50 an hour, she claims that her transfer forced her to incur additional average daily commuting expenses of over $20 per day, and that these expenses should be deducted from her wages to determine her actual hourly rate, which she alleges to be below the statutory minimum.[1] (ECF No. 1 ¶¶ 16–22). In support of this claim, Ms. Burton cites federal regulations, C.F.R. §§ 531.32(c), 531.35, and *Montoya v. CRST Expedited, Inc.*, 404 F. Supp. 3d 364 (D. Mass. 2019), *aff'd,* 88 F.4th 309 (1st Cir. 2023), for the proposition that an employee

---

[1] While federal law clearly provides that an employee's commute is not compensable work under the FLSA, *see* 29 U.S.C. § 254(a), Ms. Burton classifies her claim as seeking reimbursement for expenses incurred rather than compensation for work performed. (ECF No. 9.)

is entitled to reimbursement for "extraordinary" travel expenses that are primarily for the employer's benefit. (ECF No. 9.)

N.E.S. argues that Ms. Burton misreads the FLSA and applicable regulations and misapplies *Montoya*. (ECF No. 10.) The Court agrees. The regulations and *Montoya* support the principle that an employer cannot deduct transportation expenses incurred on behalf of the employee from that employee's wages when those expenses are (1) primarily for the benefit of the employer; and (2) when the deduction results in the employee's wage falling below the statutory minimum. *See Montoya*, 404 F. Supp. 3d at 392. But as made clear by *Montoya*, this does not apply to "regular" or "ordinary" commuting expenses incurred by an employee. *Id.*; *see also Gordon v. City of Oakland*, No. C 08-01543 WHA, 2008 WL 2948663, at *4 (N.D. Cal. July 24, 2008), *aff'd*, 627 F.3d 1092 (9th Cir. 2010) ("Even more workers pay to commute to work, either by car or by transit. Such expenses reduce an employee's wages, but are not considered unlawful deductions and need not be reimbursed by employers.") Viewed in the light most favorable to Ms. Burton, nothing in her Complaint suggests that the expenses she claims resulted from her increased commute distance were anything other than increased ordinary commuting expenses. As such, Count I of Ms. Burton's Complaint must be dismissed with prejudice.

Ms. Burton's remaining claim, Count III, is a state-law claim alleging a violation of the Rhode Island Minimum Wage Act ("RIMWA"), which provided for a minimum wage of $13.00 per hour in 2023 and $14.00 per hour in 2024. R.I. Gen. Laws § 28-12-3(m), (n). "A federal court exercising original jurisdiction over federal

claims also has 'supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (quoting 28 U.S.C. § 1367(a)). When all claims affording federal jurisdiction are dismissed from a complaint, it is within this Court's discretion to decide whether to keep the remaining state-law claims or dismiss them. 28 U.S.C. § 1367(c). "'In making these decisions, district courts must examine the totality of circumstances,' including considerations of 'comity, judicial economy, convenience, fairness and the like.'" *Legion Ins. Co. v. Fam. Serv., Inc.*, 561 F. Supp. 2d 232, 239 (D.R.I. 2008) (quoting *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 37 (1st Cir. 2003)).

Both Ms. Burton and N.E.S. agree that RIMWA is largely analogous to the FLSA, and that Rhode Island courts look to federal law for guidance when interpreting analogous state labor laws. *See* ECF Nos. 8 & 9; *DiGuilio v. Rhode Island Broth. of Corr. Officers*, 819 A.2d 1271, 1273 (R.I. 2003) ("[W]e have consistently looked to federal law for guidance in the field of labor law."); *Town of Burrillville v. Rhode Island State Lab. Rel. Bd.*, 921 A.2d 113, 120 (R.I. 2007) ("With respect to labor law issues, this Court has frequently looked to the voluminous body of federal case law for guidance."). As such, in the interests of judicial economy and convenience, the Court will exercise supplemental jurisdiction over Ms. Burton's remaining state-law claim.

The Court has already determined that federal law does not support Ms. Burton's FLSA claim. Further, the Court has found no Rhode Island authority supporting Ms. Burton's legal theory. As a result, the Court will also dismiss Count III of Ms. Burton's Complaint with prejudice.

For the foregoing reasons, N.E.S.'s Motion to Dismiss (ECF No. 8) is GRANTED in its entirety.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 18, 2025